**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2231
_____

CHRIS ANN JAYE,
                    Appellant

v.

JOHN HOFFMAN, NJ Attorney General, in his Official Capacity and individual capacity; IONE CURVA, NJ Deputy Attorney General, in her Official Capacity and individual capacity; THE HON. PETER BUCHSBAUM, (retired) is sued individually and in his Official Capacity as Judge of the Law Division of Hunterdon County; THE HON. JUDGE YOLANDA CICCONE, is sued individually and in her Official Capacity; THE HON. JUDGE MARY C. JACOBSON, is sued in her individual capacity and in her Official Capacity as NJ Superior Court Judge; THE HON. PATRICK MCMANIMON, is sued in his individual capacity and in his Official Capacity as a judge on recall from retirement paid by the State of New Jersey; CHRISTOPHER KOOS, Esq.  is sued in his individual capacity and in his Official Capacity as employee for the State of New Jersey; JUDITH IRIZZARI, is sued in her individual capacity and in her Official Capacity as Civil Division Manager for the Superior Court of Mercer County; CAROLINE RECORD, is sued in her individual capacity and in her Official Capacity as NJ Supreme Court's Secretary for the Office of Attorney Ethics; JUDGE ACCURSO, is sued individually and in her Official Capacity as NJ Appellate Judge; JUDGE MANAHAN, is sued individually and in his Official Capacity as NJ Appellate Judge; JUDGE HAAS, is sued individually and in his Official Capacity as NJ Appellate Judge; JUDGE YANNOTTI, is sued individually and in his Official Capacity as NJ Appellate Judge; JUDGE HURD, is sued individually and in his Official Capacity as NJ Superior Court Judge; JUDGE MARBREY, is sued individually and in his Official Capacity as NJ Superior Court Judge; JUDGE INNES, is sued individually and in his Official Capacity as NJ Superior Court Judge; JUDGE GOODLEITZ, is sued individually and in his Official Capacity as NJ Superior Court Judge; ASHLEY CAGNON, is sued in her Official Capacity and individual capacity; BRIAN WILSON, is sued in his Official Capacity and individual capacity; BRIAN FLANAGAN, is sued in his Official Capacity and individual Capacity; CHIEF JUSTICE STUART RABNER, is sued individually and in his Official Capacity as NJ Supreme Court Judge, supervisor of the NJ Office of Attorney Ethics, Trust Fund of New Jersey and Judgment Process Services of the State of New Jersey; JUDGE PETER SHERIDAN, is sued in his individual capacity as well as in

his official capacity as a federal judge in the United States District Court of New Jersey; CLERK MELFI, is sued in her individual capacity as well as in her official capacity as Clerk for the Office of the Clerk of Hunterdon County; JOHN DOES 1-20, (Fictitious Names) are sued individually and in their official capacities as State actors; JOHN DOES (21-30), (Fictitious Names) are sued individually and in their official capacity as employees of the United States District Court of New Jersey

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-16-cv-07771)
District Judge: Honorable Michael A. Shipp

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 16, 2018

Before: JORDAN, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed: March 19, 2018)
_____

OPINION*
_____

PER CURIAM

In October 2016, appellant Chris Ann Jaye filed a complaint in the District Court alleging, inter alia, that numerous New Jersey judges, court staff, and state government employees violated her rights in connection with several state-court actions.[1] In the complaint, Jaye also named as a defendant the Hunterdon County Clerk, Mary H. Melfi. She alleged that Clerk Melfi had recorded fraudulent liens and assignments against her

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Those cases primarily concern a dispute between Jaye and her condominium association and other litigation relating to her residence in the Oak Knoll Village Condominium.

2

property, and had "deliberately refused to act to discharge recorded liens filed against [her] home after they were paid, under duress, by [her]."  (Compl. ¶¶ 40-41, ECF No. 1.) Jaye generally claimed violations of 42 U.S.C. § 1983, § 1985(2), § 1986, and the New Jersey Civil Rights Act.

In April 2017, Jaye moved the District Court for "partial summary judgment and emergent order for injunctive relief" regarding defendant Melfi's allegedly fraudulent filings.  In the motion, Jaye asserted that defendant Melfi's fraudulent actions had "slandered her title . . . placing [her] at risk of a foreclosure."  (Br. at 1, ECF No. 39-2.) She further alleged that the "false filings have been relied on as evidence and have resulted in a series of suits which have resulted in great losses, impact[ing] [her] ability to sell [her] home and other [costs] of litigation."  (Id.)  Jaye sought an order directing Melfi to "discharge all liens and assignments slandering title to [her] property."  (Id. at 6.)  By order entered May 2, 2017, the District Court denied Jaye's motion.  Jaye appealed.

We exercise jurisdiction to review the District Court's order denying emergent injunctive relief under 28 U.S.C. § 1292(a)(1).[2]  See In re Pressman-Gutman Co., 459 F.3d 383, 392 (3d Cir. 2006).  "We generally review a district court's denial of a preliminary injunction for abuse of discretion but review the underlying factual findings for clear error and examine legal conclusions de novo."  Brown v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009)

3

The District Court properly denied Jaye's motion. To obtain a preliminary injunction, Jaye was required to demonstrate: (1) a likelihood of success on the merits; (2) the probability of irreparable harm if relief is denied; (3) that granting preliminary relief would not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). We see no error in the District Court's decision to deny relief on the ground that Jaye failed to demonstrate that she would suffer irreparable injury without the injunction. The harms that Jaye articulated—being unable to sell her house and forced to pay the costs of litigation—were not immediate and could be remedied with money damages. See Cont'l Grp., Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980) (explaining that a probability of irreparable harm requires a clear showing of immediate irreparable injury or presently existing actual threat

We have reviewed Jaye's arguments in support of her appeal and conclude that they are meritless. To the extent she challenges the District Court's disposition of her request for partial summary judgment, this ruling is not properly before us, as our jurisdiction is limited to reviewing the District Court's denial of injunctive relief.[3]

---

[3] Jaye's Notice of Motion to Expand the Record and Motion to Stay State Action per 28 U.S.C. § 2283 are denied.